UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAURICE MORRISON,** : | |
| Petitioner : | CIVIL ACTION NO. 3:13-2908 |
| v. : | (MANNION, J.) |
| **WARDEN MARY SABOL,** : | |
| Respondent : | |

# M E M O R A N D U M

Pending before the court is the report of Magistrate Judge Thomas M. Blewitt, which recommends that the petition for writ of habeas corpus be denied without prejudice to re-filing at an appropriate future time. (Doc. 7). Upon consideration of a superceding Suggestion of Mootness filed by the respondent, (Doc. 9), the court will dismiss the case as moot.

By way of relevant background, on December 2, 2013, the petitioner filed the instant action pursuant to 28 U.S.C. §2241 challenging his continued detention by Immigration and Customs Enforcement, ("ICE"), at the York County Prison. (Doc. 1). As requested relief, the petitioner sought to be released from custody. An order to show cause was issued on December 5, 2013. (Doc. 4). On December 26, 2013, a response to the petition was filed. (Doc. 5).

On March 4, 2014, Judge Blewitt considered the petition and related

materials and issued the pending report. (Doc. 7). On October 22, 2014, the respondent filed a Suggestion of Mootness, in which it is indicated that, subsequent to the filing of this action, on April 4, 2014, the petitioner was released from ICE custody under an order of supervision and currently resides in New York. (Doc. 9).

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the

petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction - in other words, if the petitioner is challenging solely his custody and not the cause of it - he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[1] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and to which he would have been entitled. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the petitioner has been released from custody as requested in his

---

[1] In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

petition and is currently residing in New York. Therefore, the instant petition will be dismissed as moot.

In light of the above, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 28, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2908-01.wpd